UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
Paris CPA Consulting, LLC,

                      *Plaintiff*,

      - *against* -

Aprio Advisory Group, LLC

                    *Defendant*.
---------------------------------------------------------------X

Case No.:

**Complaint**

**Jury Trial Demanded**

Plaintiff Paris CPA Consulting, LLC ("Plaintiff"), by its undersigned attorneys, as and for its complaint against Defendant Aprio Advisory Group, LLC ("Defendant"), complains as follows:

## NATURE OF THE ACTION

1. Plaintiff is a Connecticut-based boutique executive search firm specializing in the placement of senior to C-level professionals in the fields of accounting, auditing, taxation, IT audit, and finance.

2. Defendant is a Georgia-based professional services firm that operates under the Aprio brand name and provides a comprehensive range of advisory, accounting, audit, tax, and outsourcing solutions. Founded in Georgia and headquartered in Atlanta, the company has expanded into a national firm serving clients of all sizes, from startups and entrepreneurs to global enterprises, across a wide variety of industries and markets.

3. In 2022, Plaintiff, a professional search firm, agreed to use its best efforts to identify and present qualified candidates for Defendant's open employment positions. Plaintiff and Defendant exchanged several drafts and versions of a written agreement intended to memorialize the terms of their business relationship. Throughout these exchanges, the parties discussed and negotiated the material provisions of the agreement, including the scope of services,

1

fee structure, and obligations of each party. While Defendant never signed the agreement, Defendant accepted and benefitted from Plaintiff's services performed in reliance on the parties' mutual understanding and course of conduct.

4. Since 2022, Plaintiff has successfully placed nine (9) candidates with Defendant's firm pursuant to the parties' business relationship. Of the nine (9) candidates successfully placed by Plaintiff at Defendant's firm since 2022, Defendant failed and refused to pay Plaintiff the agreed-upon placement fees for two (2) of those candidates. Despite Plaintiff's full performance under the parties' agreement and repeated demands for payment, Defendant has not remitted the compensation due. The nonpayment relating to these two (2) placements constitutes the subject matter of this lawsuit.

## JURISDICTION AND VENUE

5. The Court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper in this District of Connecticut under 28 U.S.C. § 1391(b)(1) and (b)(2), because a substantial part of the events relevant to this action occurred in this District.

7. Plaintiff alleges that the damages sought exceed $75,000 exclusive of any attorneys' fees, costs, expenses, and interest.

8. Plaintiff alleges that there is complete diversity of citizenship of the parties, as set forth in detail below.

## THE PARTIES

9. At all times relevant herein, the Plaintiff is and continues to be a limited liability company duly organized under the laws of the State of Connecticut. Plaintiff is a single member limited liability company whose member is a citizen of the State of Connecticut.

10. At all relevant times, the Plaintiff maintained a principal place of business in the

State of Connecticut.

11. Plaintiff is a boutique search firm specializing in financial placement for senior through C-Level Executives in the areas of accounting, auditing, tax, IT Audit, and finance.

12. At all times relevant herein, the Defendant Aprio Advisory Group, LLC, was and continues to be a domestic limited liability company duly organized under the laws of the State of Georgia.

13. At all times relevant herein, Defendant maintained a principal place of business in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

14. Beginning in or about 2022, Defendant engaged Plaintiff to assist in locating qualified candidates for employment with Defendant in the fields of accounting, audit, tax, IT audit, and finance.

15. Plaintiff and Defendant exchanged drafts and versions of a written agreement intended to memorialize the terms of their business relationship, including the scope of services, fee structure, and mutual obligations.

16. A true and correct copy of the "Recruiting Services Agreement," which was duly executed by Plaintiff, is attached hereto as "Exhibit A."[1]

17. Although the agreement identifies Aprio LLP as the contracting party, all payments related to the agreement were made by Aprio Advisory Group, LLC. Additionally, Aprio Advisory Group, LLC was the entity that communicated with the Plaintiff and made all decisions regarding the matters at issue. As such, Aprio Advisory Group, LLC—not Aprio LLP—

---

[1] While the "Recruiting Services Agreement" was executed by Richard Paris, CPA, that entity was never formally organized or registered; however, all payments made by Defendant for services rendered under the Recruiting Services Agreement were directed to and received by the Plaintiff named in this action.

3

served as the sole operational and financial point of contact throughout the course of the relationship.

18. Nevertheless, Defendant ratified and adopted the terms of the Recruiting Services Agreement by knowingly accepting and benefitting from Plaintiff's services, including the review, consideration, and hiring of candidates identified by Plaintiff, pursuant to the agreed-upon terms.

19. Defendant further ratified the Recruiting Services Agreement by repeatedly instructing Plaintiff to proceed with candidate searches, screenings, and submissions pursuant to the fee terms and conditions set forth in the Recruiting Services Agreement, and by expressly acknowledging those terms in email communications, onboarding instructions, and internal approval requests.

20. Defendant routinely directed its hiring managers, human resources personnel, and executive leadership to interact with Plaintiff under the framework of the Recruiting Services Agreement, including by requesting updated candidate pipelines, approving interview schedules, and authorizing Plaintiff to release candidates for final consideration – each time without ever disclaiming or objecting to the applicability of the Recruiting Services Agreement.

21. Defendant consistently generated and issued invoices, remittance confirmations, and payment records that tracked fees exactly as calculated under the Recruiting Services Agreement, thereby demonstrating its understanding and adoption of the Recruiting Services Agreement as the governing document.

22. Defendant also ratified the Recruiting Services Agreement by making partial payments, negotiating fee adjustments, and raising disputes only by reference to the Recruiting Services Agreement's terms, thereby acknowledging that the Recruiting Services Agreement

governed the parties' obligations and fee structure.

23. Defendant's prolonged course of conduct – including the acceptance of Plaintiff's services over several years, the hiring of nine (9) candidates sourced exclusively under the Recruiting Services Agreement, and the repeated payment of fees assessed under the Recruiting Services Agreement – constitutes clear and unequivocal ratification of the Recruiting Services Agreement.

24. Defendant never proposed an alternative agreement, never repudiated the terms set forth in the Recruiting Services Agreement, and at no time advised Plaintiff that it would not be bound by those terms. Instead, Defendant knowingly adopted the Recruiting Services Agreement as the operative framework of the parties' relationship.

25. Since 2022, Plaintiff has successfully placed nine (9) candidates with Defendant's firm. Each placement between the parties was conducted pursuant to the same fee structure and governing terms of the Recruiting Services Agreement. For years, Defendant repeatedly paid those fees in full and without objection, thereby ratifying and adopting the terms of the Recruiting Services Agreement through its consistent course of performance.

26. Of these nine (9) placements, Defendant paid Plaintiff for five without issue. The remaining four (4) placements were subject to disputes in which Defendant either negotiated reduced fees, forced Plaintiff to accept lesser payments, or, in at least one instance, refused to pay entirely.

27. Two major fee disputes form the basis of this lawsuit.

28. First, in or around October 2025, Defendant hired "TM"[2], a candidate originally introduced to Defendant by Plaintiff in 2024. Plaintiff initially submitted TM's résumé directly to

---

[2] The name of the candidate is abbreviated for confidentiality.

Defendant's Chief Executive Officer Rich Kopelman. Defendant later hired TM, without notifying or compensating Plaintiff. Plaintiff estimates that the placement fee for TM is approximately $100,000, based on the expected base salary for his position.

29. Second, in 2022, Plaintiff introduced a partner-level candidate "ML"[3] to Defendant. Plaintiff is owed an additional $208,125 in connection with the placement of "ML".

30. Although the dispute concerning the placement of "ML" arose in 2022, Plaintiff chose not to initiate legal action at that time in an effort to preserve its longstanding business relationship with Defendant. Plaintiff acted in good faith and continued to provide recruiting services to Defendant with the expectation that future transactions would be handled fairly and that outstanding issues would be resolved amicably. However, after Defendant refused to pay any fee whatsoever for the placement of "TM" in 2025, Plaintiff was left with no alternative but to commence this action to recover the amounts due.

31. Defendant's refusal to honor the terms of the Recruiting Services Agreement and to pay the outstanding placement fees constitutes a breach of contract and, in the alternative, unjust enrichment.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

32. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33. Defendant ratified and adopted the Recruiting Services Agreement by accepting Plaintiff's services and making payments in accordance with its terms.

34. Defendant breached the Recruiting Service Agreement by failing to pay Plaintiff

---

[3] The name of the candidate is abbreviated for confidentiality.

for the placements of "TM" and "ML".

35. Plaintiff performed under the Recruiting Service Agreement.

36. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including but not limited to unpaid fees, interest, and associated costs, in an amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

37. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. In the alternative, if no enforceable contract is found, Plaintiff provided valuable recruiting services to Defendant with the reasonable expectation of payment.

39. Defendant accepted and benefitted from those services, including the hiring of candidates identified by Plaintiff.

40. It would be unjust and inequitable for Defendant to retain the benefits of Plaintiff's services without payment of their reasonable value.

41. Plaintiff is entitled to recover the fair and reasonable value of its services, together with interest, costs, and such other relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

42. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. For an award of compensatory damages, together with pre- and post-judgment interest thereon, in an amount of no less than $308,125.00;

B. For an award of attorneys' fees as permitted by law, together with the costs and disbursement of this action; and

C. For such other and further relief, and whether of an equitable or legal nature, which the Court deems necessary and proper under the circumstances.

Dated: New York, New York
      November 18, 2025       Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein, Esq.
Levin-Epstein & Associates, P.C.
777 West Putnam Avenue
Suite 300
Greenwich, CT 06830
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff*